**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHERYL WILLIAMS, TRACY JACKSON,                                                      PLAINTIFFS
EDDIE MAE COOPER, TIFFANY AKINS, and
MELVIN CALDWELL, individually and on behalf
of all others similarly situated

v.                                              No. 5:10CV00032 JLH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                          DEFENDANT

**OPINION AND ORDER**

The plaintiffs, who were insured by State Farm Mutual Automobile Insurance Company during the relevant time period, filed a class action complaint in this Court against State Farm for bad faith, breach of contract, and violations of the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. §§ 4-88-101 *et seq*. On February 16, 2010, the plaintiffs filed a first amended complaint. State Farm then filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the plaintiffs filed a motion for leave to file a second amended complaint.

Rule 8(a)(1) of the Federal Rules of Civil Procedure provides that a pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction. The plaintiffs allege in their first amended complaint that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. A federal court may obtain jurisdiction pursuant to § 1332 only when the parties are completely diverse and the matter in controversy exceeds the sum or value of $75,000, or in a class action, the matter in controversy exceeds the value of $5,000,000. Neither the complaint, the first amended complaint, nor the proposed second amended complaint alleges the

amount in controversy. In both complaints, the plaintiffs aver that they are citizens of the State of Arkansas and that State Farm's domicile, residence, and corporate headquarters are in Bloomington, Illinois. (Am. Compl. ¶ 4.) However, the plaintiffs never allege that their damages are in excess of $75,000 or that the damages for the class exceed $5,000,000.

A federal court must dismiss a case whenever it becomes apparent that subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Although the defendant did not raise lack of subject matter jurisdiction in its motion to dismiss, "[a] court can dismiss an action *sua sponte* for lack of federal subject matter jurisdiction even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject matter jurisdiction." *Love v. Williford*, No. 4:07CV00723-WRW, 2007 WL 2819373, at *1 (E.D. Ark. Sept. 26, 2007) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).

Including the proposed second amended complaint, the plaintiffs have now presented the Court with three versions of their complaint, none of which alleges an amount in controversy, which means that none of the three included a short and plain statement of the grounds upon which this Court may exercise subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, the plaintiffs' complaint will be DISMISSED *sua sponte* and without prejudice unless within fourteen days of the entry of this order the plaintiffs file a motion for leave to amend the complaint, attaching a proposed amended complaint that meets the requirements of the Federal Rules of Civil Procedure. If the plaintiffs fail to file such a motion, this action will be dismissed without prejudice. If a motion for leave to amend the complaint is filed, the

defendant may object on any appropriate grounds. The defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and the plaintiffs' motion for leave to file a second amended complaint are DENIED as moot.

IT IS SO ORDERED this 19th day of May, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE